**KAPLAN FOX & KILSHEIMER LLP**
Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

*Counsel for Plaintiffs*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY BARNES and CORYELL ROSS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SKYWEST AIRLINES, INC., and SKYWEST, INC.,<br><br>Defendants. | Case No. 3:18-cv-04182<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) CALIFORNIA LABOR CODE;**<br><br>**(2) CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS; and**<br><br>**(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§17200,** *et seq.*<br><br>**(3) SAN FRANCISCO MINIMUM COMPENSATION ORDINANCE.**<br><br>**DEMAND FOR JURY TRIAL** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. JURISDICTION AND VENUE ......................................................................................... 1

III. PARTIES ............................................................................................................................ 2

    A.    Plaintiffs ................................................................................................................... 2

    B.    Defendant ................................................................................................................ 2

IV. FACTUAL ALLEGATIONS ............................................................................................. 3

V. CLASS ALLEGATIONS ................................................................................................... 6

VI. CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT ............................................ 9

VII. CAUSES OF ACTION ...................................................................................................... 9

VIII. PRAYER FOR RELIEF ................................................................................................... 16

IX. JURY TRIAL DEMAND ................................................................................................. 17

Plaintiffs Jeremy Barnes and Coryell Ross, on behalf of themselves and all others similarly situated, allege as follows:

## I. INTRODUCTION

1. Defendant SkyWest Airlines, Inc. is a regional passenger airline with substantial business operations throughout California. SkyWest Airlines, Inc. is a wholly-owned subsidiary of Defendant SkyWest, Inc. Unless otherwise stated, all Defendants are collectively referred to herein as "SkyWest" or "Defendants." Plaintiffs are workers previously employed by SkyWest as "Ramp Agents" throughout its operations in California. Plaintiffs' typical work duties include marshaling aircraft, loading/unloading and sorting freight and baggage, servicing the aircraft, assisting with pushback and towing, deicing and other duties as assigned.

2. SkyWest has systematically run afoul of California's Labor Code in numerous ways, including its failure to keep and maintain adequate records of hours worked, engaging in a policy and practice of refusing to provide workers meal and rest breaks, failing to provide a mechanism for workers to receive payments and penalties for missed breaks, and failing to pay all wages, overtime and commissions in compliance with California law. Due to SkyWest's systemic violations of the California Labor Code throughout California, Plaintiffs file this suit as a class action pursuant to Federal Rule of Civil Procedure 23, and intend to seek further relief under California's Private Attorney General Act, Labor Code section 2698, *et seq*. ("PAGA"), once the pre-suit notice period has elapsed. Accordingly, Plaintiffs seek all unpaid wages, damages, penalties, as well as injunctive relief to bring SkyWest's longstanding wage and hour violations into compliance with California law.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiffs' claims based upon the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Class, on the one hand, and SkyWest, on the other, are citizens of different states. Plaintiffs and the proposed Class are citizens of California, and SkyWest is a citizen of Utah.

4. Venue is proper in this District under 28 U.S.C. § 1391 because SkyWest conducts substantial business in this District and a substantial part of the acts and/or omissions giving rise to the claims occurred in this District. Plaintiff Jeremy Barnes was employed by SkyWest and is resident of Hayward, California, within this District.

5. **Intradistrict Assignment**: Pursuant to Local Rule 3-2, this matter is suitable for assignment to the San Francisco and Oakland Divisions because Plaintiff Jeremy Barnes is a resident of Alameda County and SkyWest maintains substantial business operations in San Mateo County and a substantial part of the events or omissions which give rise to the claim occurred in San Mateo County.

### III. PARTIES

#### A. Plaintiffs

6. Plaintiff Jeremy Barnes is a resident of Hayward, California. Plaintiff Barnes was employed by SkyWest in California from approximately 2009 to 2016.

7. Plaintiff Coryell Ross is a resident of Detroit, Michigan. Plaintiff Ross was employed by SkyWest in California from approximately 2014 to 2017.

#### B. Defendants

8. Defendant SkyWest, Inc. is a Utah corporation with its principal place of business and headquarters at 444 South River Road, St. George, Utah 84790. SkyWest, Inc. is a publicly traded company on the NASDAQ stock exchange under the symbol "SKYW." Defendant SkyWest Airlines, Inc. is a wholly-owned subsidiary of SkyWest, Inc. According to its website, "SkyWest, Inc. is the holding company for two scheduled passenger airline operations and an aircraft leasing company. SkyWest's airline companies provide commercial air service in cities throughout North America with over 2,800 daily flights carrying more than 51 million passengers annually. SkyWest Airlines operates through partnerships with United Airlines, Delta Air Lines, American Airlines and Alaska Airlines. ExpressJet Airlines operates through partnerships with United Airlines, Delta Air Lines and American Airlines. Based in St. George, Utah, SkyWest continues to set the standard for excellence across the regional industry with unmatched value for

1  customers, shareholders and its over 17,000 employees." http://inc.skywest.com/corporate-
2  information/who-we-are/?t=inc (last accessed June 11, 2018).

3  9.  At all times relevant herein, SkyWest, Inc. has been engaged in commerce within
4  California and has been subject to the requirements of California law, including its Labor Code as
5  well as the federal Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, and their
6  accompanying regulations.

7  10.  Defendant SkyWest Airlines, Inc. is a Utah Corporation with its principal place of
8  business and headquarters at 444 South River Road, St. George, Utah 84790. SkyWest Airlines,
9  Inc. is a wholly-owned subsidiary of Defendant SkyWest, Inc. SkyWest Airlines, Inc. is engaged
10 in the regional airline business.

11 11.  At all times relevant herein, SkyWest Airlines, Inc. has been engaged in commerce
12 within California and has been subject to the requirements of California law, including its Labor
13 Code as well as the federal Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*, and their
14 accompanying regulations.

15 12.  Plaintiffs are informed and believe and thereon allege that each and every of the
16 unlawful acts and omissions alleged herein were performed by, and/or attributable to, SkyWest
17 Airlines, Inc., its agents and/or employees, and/or under the direction and control of SkyWest
18 Airlines, Inc., and that said acts and failures to act were within the course and scope of said
19 agency, employment and/or direction and control.

20 **IV.   FACTUAL ALLEGATIONS**

21 13.  SkyWest has done business in the United States for over 45 years as a passenger
22 airline. Under various contracts, the company operates an average of 2,300 flights per day,
23 including 966 flights per day as Delta Connection on behalf of Delta Air Lines, 887 flights per
24 day as United Express on behalf of United Airlines, 314 flights per day as American Eagle on
25 behalf of American Airlines, and 131 flights per day as Alaska SkyWest in partnership with
26 Alaska Airlines. http://www.skywest.com/assets/Uploads/FactSheet/SkyWest-
27 FactSheetJun18.pdf (last accessed June 11, 2018).
28

14. Throughout California, SkyWest operates flights out of Fresno, Los Angeles, Palm Springs, San Diego, and San Francisco, with California hubs at Los Angeles International Airport ("LAX") and San Francisco International Airport ("SFO").

15. For their work, SkyWest's Ramp Agents in California are generally paid on an hourly basis in the range of about $12-$14 per hour. SkyWest has employed hundreds, if not thousands, of Ramp Agents in California in the past few years. Ram Agents' typical work duties include marshaling aircraft, loading/unloading and sorting freight and baggage, servicing the aircraft, assisting with pushback and towing, deicing and other duties as assigned. http://www.skywest.com/skywest-airline-jobs/career-guides/airport-baggage-handler/ (last accessed June 12, 2018).

16. SkyWest maintains a set of common policies and procedures applicable to Ramp Agents regarding the payments of wages and overtime, and the provision of meal and rest breaks. SkyWest also maintains control of how and whether Ramp Agents clock in an out for shifts and breaks. Ramp Agents at each of SkyWest's operations in California are subject to the same company-wide policies and procedures.

17. As a matter of policy and practice, SkyWest fails to provide Ramp Agents with meal and rest breaks in violation of California law, and fails to provide them with the requisite penalties and wages when breaks are interrupted or missed altogether. Given the nature of Ramp Agents' duties, they are always required to be on call throughout the entirety of their shift to deal with arriving and departing aircraft, luggage, and passengers. As a result, meal and rest breaks are often interrupted, skipped, or denied. On other occasions, meal and rest breaks were taken outside of the statutorily required time periods, for example, by not providing a meal break until within 2-3 hours of the end of a 8-10 hour shift. Additionally, Ramp Agents who worked shifts of twelve hours or more were not scheduled nor did they receive a second 30-minute meal break.

18. SkyWest does not incorporate scheduled meal and rest breaks into its work schedules. Indeed, not only does SkyWest fail to schedule appropriate breaks for workers but it also fails to maintain any policy, practice or mechanism for Ramp Agents to obtain payment and penalties for their missed breaks.

19. When breaks are missed or interrupted, SkyWest also fails to properly account for Ramp Agents' continuous hours of work and accordingly underpays them overtime and other wages. Even when Ramp Agents work through a meal break, they do not receive any special pay, and those hours are not always counted towards applicable daily and weekly overtime threshold limits. By failing to count unobtained meal and rest breaks in the hours worked, SkyWest fails to accurately record all hours worked and systematically underpays its Ramp Agents when their actual hours worked put them above and beyond the necessary thresholds to obtain overtime and/or double time compensation.

20. Additionally, Ramp Agents often work ten to fifteen hour days. Although SkyWest policy forbade Ramp Agents from working more than sixty hours in a week, some workers were required to do so. Ramp Agents did not always receive overtime or double time differentials for hours worked in excess of eight or twelve in a day.

**Plaintiffs' Experiences**

21. Plaintiff Jeremy Barnes was employed by SkyWest in California from 2014 to 2016. He worked as a Ramp Agent in SkyWest's operations at SFO. Plaintiff Barnes is a non-exempt employee paid on an hourly basis. While Plaintiff Barnes was employed by SkyWest, he was regularly denied meal and rest breaks. Among other things, Plaintiff Barnes's meal breaks were often delayed until after the fifth hour on most of his shifts and were frequently curtailed due to flight arrival and other interruptions so that they were often less than thirty minutes long. He did not receive premium/penalty pay for missed, interrupted or delayed meal breaks nor for missed rest breaks. Plaintiff Barnes was not given overtime pay when his daily hours worked exceeded eight hours. When Plaintiff Barnes worked overtime and/or worked a double shift, he was not provided overtime meal and rest breaks. As a result of SkyWest's policies and practices, Plaintiff Barnes was provided inaccurate wage statements and is owed wages, overtime, penalties, damages and reimbursements.

22. Plaintiff Coryell Ross was employed by SkyWest in California from 2013 to 2017. He worked as a Ramp Agent in SkyWest's operations at LAX, SFO, and ONT. Plaintiff Ross is a non-exempt employee paid on an hourly basis. While Plaintiff Ross was employed by SkyWest,

he was regularly denied meal and rest breaks. Plaintiff Ross's meal breaks were often delayed until after the fifth hour on most of his shifts and were frequently curtailed due to flight arrival and other interruptions so that they were often less than thirty minutes long. He did not receive premium/penalty pay for missed, interrupted or delayed meal breaks nor for missed rest breaks. During Plaintiff s's employment by SkyWest he and coworkers were required to "sign off" that they had taken meal breaks every day of the week, even on days they did not work. Plaintiff Ross occasionally worked twelve or sixteen hour shifts, but was not provided overtime meal and rest breaks. As a result of SkyWest's policies and practices, Plaintiff Ross was provided inaccurate wage statements and is owed wages, overtime, penalties, damages and reimbursements.

## V.   CLASS ALLEGATIONS

23.   Plaintiffs bring this class action pursuant to Federal Rule of Civil Procedure 23. The Class is initially defined as:

> All current and former SkyWest workers employed as Ramp Agents, or equivalent positions, in California, at any time during the four years prior to the commencement of this lawsuit through the date of class notice.

Excluded from the Class are Plaintiffs' counsel, anyone employed by counsel for Plaintiffs in this action as well as their families; and any Judge to whom this case is assigned as well as his or her immediate family.

24.   Plaintiffs Barnes and Ross also bring specific claims as set forth below on behalf of an SFO Subclass defined as:

> All current and former SkyWest workers employed as Ramp Agents, or equivalent positions, at SFO, at any time during the four years prior to the commencement of this lawsuit through the date of class notice.

Excluded from the Subclass are Plaintiffs' counsel, anyone employed by counsel for Plaintiffs in this action as well as their families; and any Judge to whom this case is assigned as well as his or her immediate family.

25.   Plaintiff Ross also brings specific claims as set forth below on behalf of an LAX Subclass defined as:

> All current and former SkyWest workers employed as Ramp Agents, or equivalent positions, at LAX, at any time during the four years prior to the commencement of this lawsuit through the date of class notice.

Excluded from the Subclass are Plaintiffs' counsel, anyone employed by counsel for Plaintiffs in this action as well as their families; and any Judge to whom this case is assigned as well as his or her immediate family.

26. Plaintiffs and their claims meet all of the criteria for Class certification under Federal Civil Rule 23(a) and (b)(3).

27. <u>Numerosity</u>. SkyWest has employed hundreds, if not thousands, of Ramp Agents in California from 2014 through the present. Class members are therefore far too numerous to be individually joined in this lawsuit.

28. <u>Common Questions of Law and Fact Predominate Plaintiffs' Claims</u>. Common questions of law and/or fact exist as to the members of the Class and, in addition, common questions of law and/or fact predominate over questions affecting only individual members of the Class. The common questions include the following:

   a. Whether SkyWest's timekeeping systems to record hours of work are compliant with the wage and hour laws and regulations;

   b. Whether SkyWest's policy and practice of requiring Ramp Agents to work through their meal and rest break periods violates California labor laws and regulations;

   c. Whether SkyWest's policies and practices to compensate Ramp Agents for meal and rest breaks that were not provided violates California labor laws and regulations;

   d. Whether SkyWest has failed to pay Ramp Agents minimum wages, overtime, and double-time in violation of California labor laws and regulations;

   e. Whether SkyWest has miscalculated Ramp Agents' regular rates of pay in violation of California labor laws and regulations;

   f. Whether SkyWest's policies and practices have resulted in Ramp Agents receiving inaccurate wage statements in violation of California labor laws and regulations;

1    g.    Whether SkyWest's policies and practices have violated the California Unfair Competition Law, Business and Professions Code §§ 17200, *et seq*. (the "UCL") as set forth herein;

h.    Whether Ramp Agents are entitled unpaid wages, overtime, damages, reimbursements, and penalties and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

29.    <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Class. SkyWest's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the proposed Class to sustain the same or similar injuries and damages. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the proposed Class.

30.    <u>Adequacy</u>. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the class they seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, including the prosecution of wage and hour violations, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the Class.

31.    <u>Superiority.</u> The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the Class, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against SkyWest economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

32.    Plaintiffs intend to send the best notice practicable to all members of the Class to the extent required under applicable class action procedures pursuant to Federal Civil Rule 23(c)(2).

33. In the alternative, the Class may be certified under Federal Civil Rule 23(b)(1) or (2) because:

    a. the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for SkyWest; and

    b. SkyWest has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

34. Particular issues in this litigation relating to the Class may be also be certified under Federal Civil Rule 23(c)(4) and the Court may employ subclasses pursuant to Federal Civil Rule 23(c)(5) if necessary.

## VI.  CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT

35. On July 12, 2018, Plaintiffs provided notice to the California Labor and Workforce Development Agency and SkyWest pursuant to the California Labor Code's Private Attorney General's Act, §§ 2698, *et seq.* ("PAGA"), regarding their complaints that SkyWest has failed to pay them and other employees all wages, commissions, damages, and penalties, as described in this Complaint. PAGA permits private litigants to bring a representative action on behalf of fellow employees for violations of the California Labor Code, and permits them to recover penalties for the employees and the State of California. Plaintiffs have complied with the notice requirements of PAGA, and will amend their Complaint to seek PAGA penalties at the expiration of the statutory waiting period.

## VII.  CAUSES OF ACTION

**FIRST CAUSE OF ACTION**

**Failure to Pay Minimum Wages and Overtime in Violation of
California Labor Code §§ 510, 1194 and 1198 and IWC Wage Order 5-2001**

**On Behalf of Plaintiffs and the Class**

36. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

37. California Labor Code section 510 states that "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Additionally, "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee."

38. California Labor Code section 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission, or other method of calculation." SkyWest has failed to pay Plaintiffs and the Class all minimum wages, straight time, overtime, and double-time required under the California Labor Code and Industrial Wage Order ("IWC") 5-2001 (8 Cal. Code Regs. § 11050)[1] by, including but not limited to, (1) failing accurately to record all hours of work in SkyWest's timekeeping systems; (2) failing to pay wages and at the proper rates for hours worked that accumulate because of missed meal and rest periods; and (3) failing to properly calculate the regular rate of pay.

39. In its violations of the California Labor Code, SkyWest has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the Class members with all wages and compensation required by law. SkyWest and its agents committed the acts and omissions alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiffs and the proposed Class, with improper motives amounting to malice and in conscious disregard of the rights of Plaintiffs and the Class members. Plaintiffs and the Class members are entitled to recover all nominal, actual, compensatory, punitive, and exemplary damages in an amount to be determined by proof at trial.

---

[1] Plaintiffs initially allege that they are subject to the IWC Wage Order #9 governing the "transportation industry." However, due to the nature of their duties, Plaintiffs alternatively or additionally allege that they are subject to IWC Wage Order #5 governing the "public housekeeping industry" and/or IWC Wage Order #17 which is a catch-all order applicable to non-exempt employees. The substantive requirements for wages, breaks, and record keeping alleged in this Complaint are substantially similar, if not identical, amongst these IWC Wage Orders and Plaintiffs expressly incorporate each of them in by reference to each cause of action.

40. Pursuant to Labor Code §§ 1194 and 1198, Plaintiffs and the Class are entitled to recover the unpaid balance of the full amount of unpaid wages, straight time, overtime, double-time, and commissions, including pre- and post-judgment interest accumulated thereon, plus reasonable attorneys' fees and costs of suit.

### SECOND CAUSE OF ACTION

**Failure to Provide Meal and Rest Breaks in Violation of
California Labor Code §§ 226.7, 512 and IWC Wage Order 5-2001**

**On Behalf of Plaintiffs and the Class**

41. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

42. California Labor Code section 512 and IWC Wage Order 5-2001[2] requires SkyWest to provide Plaintiffs and Class members with regular meal and rest breaks during which they are completely relieved of duty. Section 512 also requires SkyWest to provide additional meal periods when Ramp Agents work more than 10 hours per day. Section 226.7 requires SkyWest to pay Plaintiffs and Class members "one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided."

43. SkyWest has failed to provide Plaintiffs and Class members with legally required meal and rest breaks as alleged herein. Additionally, SkyWest has failed to provide Plaintiffs and Class members with meal and rest breaks during which they were completely relieved of their work duties, has failed to keep accurate records of Ramp Agents' meal and rest breaks, has failed to pay them wages and penalties owed for missed meal and rest breaks, has failed to implement and maintain any legally acceptable policy for obtaining waivers of any meal and rest break requirements, and has failed to implement and maintain any policy and practice that compensates Ramp Agents for missed meal and rest breaks.

---

[2] Per footnote 2, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & #17.

44. As a result of SkyWest's unlawful policies and practices alleged herein, Plaintiffs and Class members seek compensation for missed meal and rest breaks in accordance with Labor Code § 226.7 as well as necessary injunctive relief in the form of corporate policy and practice changes necessary to bring SkyWest into compliance with California's laws regarding the provision of meal and rest breaks.

### THIRD CAUSE OF ACTION

**Failure to Provide Itemized Wage Statements
in Violation of California Labor Code §§ 226, 1174, and 1174.5**

**On Behalf of Plaintiffs and the Class**

45. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

46. SkyWest has willfully failed to maintain policies and practices that permit employees to accurately record all hours of work and meal and rest breaks taken. SkyWest has also maintained policies and practices that fail to keep accurate and appropriate records of all hours worked by Plaintiffs and the Class as required under Labor Code section 1174 and IWC Wage Order 5-2001(7) (8 Cal. Code Regs. § 11050).[3]

47. SkyWest has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiffs and Class members in accordance with Labor Code § 226(a) and IWC Wage Order 2001-5. The wage statements SkyWest provides Ramp Agents do not accurately reflect the hours worked, their hourly rates of pay, their regular rates of pay, missed meal and rest breaks, as well as all commissions and wages earned.

48. SkyWest's willful failure to maintain proper employment records and to provide timely, accurate itemized wage statements to Plaintiffs and Class members in accordance with the California Labor Code has been knowing and intentional. Accordingly, SkyWest is liable for damages and penalties under California Labor Code § 226(e) and 1174.5.

---

[3] Per footnote 2, Plaintiffs additionally and/or alternatively allege they are subject to IWC Wage Orders #9 & 17.

## FOURTH CAUSE OF ACTION

**Waiting Time Penalties Pursuant to California Labor Code §§ 201, 202 & 203**

**On Behalf of Plaintiffs and the Class**

49. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

50. California Labor Code section 201(a) requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Section 202(a) requires an employer to pay compensation due and owing to said employee within seventy-two (72) hours of that employee's termination of employment by resignation. Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under section 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.

51. Plaintiffs and the Class are entitled to unpaid compensation as stated in this Complaint but they still have not received their compensation since the end of their respective employments with SkyWest.

52. SkyWest has willfully failed and refused, and continues to willfully fail and refuse, to timely pay compensation and wages to the Plaintiffs and the Class whose employment has terminated as required by Labor Code sections 201 and 202. Accordingly, SkyWest is liable to Plaintiffs and the Class for up to thirty (30) days of waiting time penalties pursuant to Labor Code section 203, as well as interest.

## FIFTH CAUSE OF ACTION

**Violations of the UCL**
**California Business and Professions Code §§ 17200, *et seq*.**

**On Behalf of Plaintiffs and the Class**

53. Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

54. California's UCL, Business and Professions Code section 17200, *et seq*., prohibits unfair competition in the form of any unlawful and unfair business practice.

55. Section 17204 of the UCL permits "any person who has suffered injury in fact and has lost money or property as a result of such unfair competition" to prosecute a civil action.

56. California Labor Code section 90.5(a) states that it is the public policy of California to vigorously enforce minimum labor standards to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

57. SkyWest has engaged in unlawful and unfair business practices described in this Complaint, including but not limited to: violations of California Labor Code sections 90.5, 201, 202, 203, 226, 510, 1174, 1174.5, 1194, 2802, IWC Wage Orders 2001-5, 2001-9, and 2001-17, and the Fair Labor Standards Act, 29 U.S.C. section 211.

58. The violations of these laws and regulations, as well as the fundamental public policy of protecting workers from unfair labor practices, serve as unlawful predicate acts and practices for establishing violations of the UCL.

59. SkyWest's acts and practices described above constitute unlawful and unfair business practices, and unfair competition, within the meaning of the UCL. Among other things, SkyWest's business practices have required Plaintiffs and other similarly situated persons to perform work for SkyWest's benefit without the legally required compensation, penalties and reimbursements, enabling SkyWest to gain an unfair competitive advantage over law-abiding employers and competitors. SkyWest also violated the UCL because the utility of its conduct as described in this Complaint is outweighed by the gravity of the consequences to Plaintiffs and Class members, and because its conduct is immoral, unethical, oppressive, unscrupulous and substantially injurious to Plaintiffs and Class members.

60. Plaintiffs, on behalf of themselves and Class members, have suffered injury, including but not limited to the loss of money and property in the form of unpaid wages and penalties, as a direct and proximate result of SkyWest's unlawful and unfair business practices and are therefore entitled to equitable relief, including restitution of unpaid wages, penalties, disgorgement of profits, and a permanent injunction that enjoins SkyWest from the unlawful and

unfair practices described herein, as well as attorneys' fees and costs of suit. Cal. Bus. & Prof. Code § 17203.

## SIXTH CAUSE OF ACTION

**Violations of the San Francisco Minimum Compensation Ordinance ("MCO")
San Francisco Administrative Code §§ 12P.1,** *et seq***.**

**On Behalf of Plaintiffs and the SFO Subclass**

61.    Plaintiffs, on behalf of themselves and all others similarly situated, reallege and incorporate all allegations in the Complaint as though fully set forth herein.

62.    San Francisco's MCO provides that employees who perform work funded under contract with the city receive minimum compensation set forth in the MCO. San Francisco Admin. C. §§ 12P.3, 12P.5.

63.    The MCO expressly applies to employees of contractors, like SkyWest, who serve SFO:

> The requirements of this Chapter shall apply to a written agreement (including, without limitation, any lease, concession, franchise or easement agreement) for the exclusive use of real property that is owned by the City or of which the City has exclusive use, if such property is under the jurisdiction of the San Francisco Airport Commission and the term of the agreement exceeds twenty-nine (29) in any calendar year, whether by single or cumulative instruments.

*Id*. § 12P.4.

64.    The MCO further provides "Each Covered Employee shall be a third-party beneficiary under the Contract as set forth in this subsection and in subsection (e) of this Section, and may pursue the following remedies in the event of a breach by the Contractor of any contractual covenant described in Section 12P.5(a) or Section 12P.5(d)." *Id*. at § 12.6(d).

65.    SkyWest has failed to pay Plaintiffs and the SFO Subclass all minimum compensation required under the MCO by, including but not limited to, (1) failing accurately to record all hours of work in SkyWest's timekeeping systems; (2) failing to pay wages and at the proper rates for hours worked that accumulate because of missed meal and rest periods; and (3) failing to properly calculate the regular rate of pay.

66. In its violations of the MCO, SkyWest has knowingly and willfully refused to perform its obligations to provide Plaintiffs and the SFO Subclass members with all wages and compensation required by law.

67. Pursuant to MCO §§ 12.6(d)-(e), Plaintiffs and the SFO Subclass are entitled to recover the unpaid balance of the full amount of unpaid minimum compensation together with simple annual interest of ten (10) percent on such amount from the date payment was due, plus all costs and expenses, including reasonable attorneys' fees and disbursements, incurred by such prevailing party in such action or proceeding and in any appeal in connection with such action or proceeding.

## VIII. PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1. For an order certifying Counts One through Six of this Complaint as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of Ramp Agents employed in the state of California within the last four years and that notice of the pendency of this action be provided to all Class members;

2. For an order designating Plaintiffs as class representatives for the Classes and appointment of Plaintiffs' counsel as Class counsel;

3. For an order or judgment awarding Plaintiffs and the Class all unpaid wages, reimbursements, overtime, double-time, damages, and penalties, or other appropriate compensation, together with interest on any such amounts as permitted by law;

4. For injunctive relief correcting the unlawful practices complained of herein and ordering SkyWest to refrain from committing similar violations in the future;

5. For a declaratory judgment that SkyWest's policies and practices have violated the laws and regulations stated herein as well as the public policy behind them;

6. For an award of Plaintiffs' reasonable attorneys' fees as provided by applicable law, including California Labor Code sections 226(e) and 1194, California Business and Professions Code section 17203 and Federal Rule of Civil Procedure 23;

7. For all costs of suit;

8. For such other and further relief as this Court deems just and appropriate.

## IX. JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

DATED: July 12, 2018             **KAPLAN FOX & KILSHEIMER LLP**

By: /s/ *Matthew B. George*
        Matthew B. George (SBN 239322)

Laurence D. King (SBN 206423)
Matthew B. George (SBN 239322)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone: 415-772-4700
Facsimile: 415-772-4707
lking@kaplanfox.com
mgeorge@kaplanfox.com
mchoi@kaplanfox.com

**LAW OFFICES OF GENNARO DU TERROIL**
Gennaro Du Terroil (*pro hac vice* application to be filed)
18756 Stone Oak Pkwy Suite 200
San Antonio, Texas 78258
Telephone: 210-998-5645
Facsimile: 210-495-4670
cibelliterroil@outlook.com

*Counsel for Plaintiffs*